United States District Court
Southern District of Texas
**ENTERED**
August 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal Case No. 4:22-CR-00402-001 |
| | § | |
| RENE FERNANDEZ GAVIOLA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Rene Fernandez Gaviola's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (Dkt. No. 202). For the reasons stated herein, the motion is **DENIED**.

### I.   BACKGROUND

Gaviola pled guilty to conspiracy to commit healthcare fraud; five counts of aiding and abetting healthcare fraud; conspiracy to pay and receive healthcare kickbacks; three counts of aiding and abetting payment of healthcare kickbacks; and six counts of aiding and abetting money laundering. He has served approximately 14 months of his aggregate 120-month sentence and has a projected release date, after good time credit, of September 11, 2032. Gaviola now moves the Court for compassionate release based on his medical and family circumstances. He emailed a request for compassionate release to the Warden of FCI Beaumont on May 31, 2025, but says he never received a response. (*See* Dkt. No. 202 at 3, 9).

### II.  LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is what is

colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to

reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III.   ANALYSIS

#### A.   EXTRAORDINARY AND COMPELLING REASONS

##### 1.   Medical Circumstances

Gaviola asserts that he suffers from several debilitating medical conditions that warrant compassionate release, including diabetes, hypertension, and high cholesterol. He also states that he is managing the after-effects of a stroke, which left him with residual impairment of his extremities, hearing loss, memory loss, and cognitive impairment that continues to decline.

Relevant here, a defendant's medical circumstances may be extraordinary where:

> (B) The defendant is—
>
>   (i) suffering from a serious physical or medical condition,
>
>   (ii) suffering from a serious functional or cognitive impairment, or
>
>   (iii) experiencing deteriorating physical or mental health because of the aging process,

3

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1).

Gaviola has offered no current medical records in support of his motion; however, the Presentence Report described his health, as of 2024, as follows:

> Mr. Gaviola advised he suffered a stroke in 2021. He now has a cardiologist who monitors his heart condition. He also advised he suffered hearing loss and uses a hearing aid; however, it may need to be upgraded as he is having issues with its function. He also has diabetes, high cholesterol, hypertension and reported numbness on the right side of his body due to lumbar issues.

(Dkt. No. 137, PSR ¶ 108).

Gaviola reported taking several prescription and over-the-counter medications for his ailments. (*Id.*) He also provided medical records for the 2023 and 2024. (*Id.* ¶ 10).

Although the Court is sympathetic to Gaviola's medical conditions, they do not support an extraordinary and compelling reason justifying his release. Specifically, he has not demonstrated that his conditions "substantially diminish[]" his ability to "provide self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13(b)(1)(B). Moreover, the Court was aware of Gaviola's medical issues at sentencing and recognized that "there's very good medical care at BOP." (6/5/2024 Sent. Tr., Dkt. No. 180 at 21:5). Gaviola has offered no evidence that BOP is not providing adequate medical care.

4

### 2. Family Circumstances

Gaviola further states that he is needed at home as a caregiver for his wife, who "is suffering from a brain tumor which over time has caused her to be needing constant attention." (Dkt. No. 202 at 8).

Under the Guidelines, a defendant's family circumstances may be extraordinary due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13(b)(3)(B). To evaluate such requests, the Bureau of Prisons requires that an inmate provide "adequate information and documentation," including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the individual, and a statement and documentation regarding the inmate's release plan. *See* BOP Program Statement § 5050.50, *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Gaviola has offered no evidence in support of his wife's current medical condition or living arrangements; however, the PSR described his family circumstances as follows:

> Mr. Gaviola advised he married Marievic Gaviola (nee: Rebote) in or about 1980. They were married in the Philippines, and she too is a naturalized citizen of the United States. Their union produced four children, Alain Gaviola, age 43 (named in the instant offense), Christopher (since deceased), Christian, age 40, and John Joseph, age 36. His son Christian is currently in the Philippines, while Alain and John Joseph reside in Houston. Mr. Gaviola advised his wife was diagnosed with brain cancer in April 2023, and has been undergoing cancer treatment. He is her primary caregiver and financial provider. She is unemployed due to her health

5

> issues. Mr. Gaviola advised his family has remained supportive of him. Mr. Gaviola provided his wife's recent medical records from UT Physicians dated February 1, 2024, as verification of his wife's condition.

(Dkt. No. 137, PSR ¶ 106).

Gaviola does not explain why Alain and John Joseph—who both live in the same city as their mother—are unable to act as her caregivers. He merely states that his sons, "although they love their mother very much[,] cannot provide for her needs." (Dkt. No. 202 at 8). "The availability of any other potential caregiver is enough to preclude compassionate release for extraordinary and compelling reasons under § 1B1.13(b)(3)(C)." *United States v. Medearis*, 2024 WL 5252488, at *3 (D.S.D. Dec. 31, 2024), *aff'd*, 2025 WL 2096843 (8th Cir. Feb. 21, 2025); *see also United States v. Tyler*, 2021 WL 736467, at *4 (E.D. La. Feb. 25, 2021) ("[C]ourts have held that the 'family circumstances' criterion requires that the compassionate-release petitioner be the 'only available caregiver' for the incapacitated family member."); *United States v. Nevers*, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (petitioner's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver for her mother")).

Gaviola also fails to explain how he is mentally and physically capable of caring for his wife, given his own purportedly debilitating medical conditions.

On this record, the Court finds Gaviola has failed to demonstrate that his family circumstances are extraordinary and compelling.

**B.    SENTENCING GUIDELINES POLICY STATEMENTS AND 18 U.S.C. § 3553(A) FACTORS**

Gaviola operated a dental clinic for the purpose of fraudulently billing Medicaid for dental procedures not actually performed. He also manipulated the dentist/owner of the dental clinic, who was physically suffering due to a car accident and unable to personally operate the clinic, to allow Gaviola access to his provider number and dental license information to set up Medicaid enrollment forms. During the course of this healthcare scheme—of which he was an organizer/leader—Gaviola defrauded the Government out of nearly $5,000,000. His advisory Guidelines sentencing range would have been 235–239 months' imprisonment; however, the statutory maximum sentence for his crimes was 120 months, which he received.[1]

Based on the nature and circumstances of the offense of conviction, the Court finds that compassionate release would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Gaviola when he has served roughly one tenth of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

---

[1] The statutory maximum sentence on Counts S1-S6 and S8-S16 was 120 months, and the statutory maximum sentence on Count S7 was 60 months. The Court sentenced Gaviola to the maximum sentence on each count, to run concurrently.

I. **CONCLUSION**

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Gaviola's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), (Dkt. No. 202), is **DENIED**. His request for appointment of counsel to assist with pursuing compassionate release is further **DENIED** as moot.

It is SO ORDERED.

Signed on August 14, 2025.

                                                                                          _____
                                                                                          **DREW B. TIPTON**
                                                                                          **UNITED STATES DISTRICT JUDGE**